**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DELTA AIR LINES, INC., | ) | |
| a Delaware corporation, Plaintiff, | ) | Civil Action No. |
| | ) | _____ |
| | ) | |
| v. | ) | |
| | ) | |
| Perfect Marketing Corp., | ) | |
| A Canadian company, | ) | |
|     Defendant. | ) | |

## COMPLAINT

Plaintiff Delta Air Lines, Inc.  (hereinafter "Delta" or "Plaintiff") for its

Complaint against Defendant Perfect Marketing Corp. (hereinafter "Perfect Marketing"

or "Defendant"), alleges as follows:

## NATURE OF ACTION

1.    This action is for Federal trademark infringement and counterfeiting,

dilution and unfair competition involving claims arising under the Trademark Act of the

United States, commonly known as the Lanham Act 15 U.S.C. §§ 1051 *et seq*., and for

trade secret misappropriation, state common law trademark infringement, counterfeiting,

injury to business reputation and dilution, deceptive trade practices, and unfair

competition under the laws of the State of Illinois, involving claims arising under the

Illinois Trade Secret Act 765 ILCS § 1065/ *et seq*., Illinois Anti-Dilution 765 ILCS §

1035/ *et seq*., the Illinois Counterfeit Trademark Act 765 ILCS §1040/ *et seq*., the

Uniform Deceptive Trade Practices Act, 815 ILCS § 510.1/ *et seq*., and the Common

Law.

## PARTIES

2.     Plaintiff, Delta is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia, United States of America, and is and has been engaged in substantial business activities within this judicial district.

3.     Defendant Perfect Marketing Corp. upon information and belief is a company located in Vancouver, British Columbia, Canada with a principal place of business at 1212 Granville Street, Unit #103, Vancouver, British Columbia V6Z 1M4, Canada.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over the Federal Claims pursuant to 28 U.S.C. §§1331, 1338(a), the Lanham Act 15 U.S.C. §§ 1114 *et seq*. and the extraterritorial provisions of the Lanham Act, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §1338(b), and under supplemental jurisdiction, 28 U.S.C. §1367, since these claims are joined with substantial and related claims under the trademark laws of the United States, and are related to claims in the action within such original jurisdiction that they form part of the same case or controversy or derive from a common nucleus of operative fact.

5.     This Court has jurisdiction over Defendant in that Plaintiff has a substantial long standing business presence in this judicial district and Defendant transacts business in this judicial district and has committed tortuous acts from within this district.

6.     Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. §§1391(b) and (c), as these causes of action arise, based upon information and

belief, as a result of the Defendant doing and transacting business in this district, the claims arose in this district and a substantial part of the events giving rise to the claims arose from this district.

## GENERAL FACTUAL ALLEGATIONS

### PLAINTIFF AND ITS RESPECTIVE TRADEMARKS

7.     Plaintiff Delta is one of the world's largest commercial airlines, generating over 28 billion dollars in annual revenue and offering service to more destinations than any other global airline with carrier service to 350 destinations in over 60 countries on six continents. Delta serves more than 160 million customers each year. Through Delta's long and successful efforts, its **DELTA** name and trademark and **WIDGET LOGO** trademark have earned extensive good will and favorable recognition as well as a reputation for high-quality products and services. Delta's **DELTA** and **WIDGET LOGO** marks are famous marks, instantly recognizable as sources of good will, high reputation, and high quality goods and services.

8.     Delta offers and sells its goods and services under and in conjunction with the following **DELTA** trademark registrations in the United States:

| **Registration No.** | **Mark** | **Registration Date** |
|---|---|---|
| 0523611 | DELTA AIR LINES | April 4, 1950 |
| 0654915 | DELTA | November 19, 1957 |
| 0802405 | DELTAMATIC | January 18, 1966 |
| 0963228 | DELTA AIR LINES (IN OVAL LOGO) | July 3, 1973 |
| 0970418 | DELTA AIR LINES | October 9, 1973 |
| 1428763 | DELTA CONNECTION | February 10, 1987 |
| 1703774 | DELTA SHUTTLE | July 28, 1992 |
| 1733703 | DELTA CENTER | November 17, 1992 |
| 1740294 | DELTA CENTER (WITH WIDGET LOGO) | December 15, 1992 |
| 2058985 | DELTA & 1960 AIRCRAFT DESIGN | May 6, 1997 |
| 2408003 | DELTA VACATIONS | November 28, 2000 |
| 2662451 | DELTA AIRELITE | December 17, 2002 |
| 2980826 | DELTA CONNECTION | August 2, 2005 |

| | | |
|---|---|---|
| 3890727 | DELTA SKY CLUB | December 14, 2010 |
| 3994004 | DELTA ASSIST | July 12, 2011 |

These registrations, which issued on the Principal Register, are in full force and effect. The majority of these registrations have long since acquired "incontestable" registration status. Attached as Exhibit 1 are extracts of these registrations from the United States Patent and Trademark Office.

9.    Delta offers and sells its goods and services under and in conjunction with the following **DELTA** trademark registrations in Canada:

| **Registration No.** | **Mark** | **Registration Date** |
|---|---|---|
| TMA222350 | DELTA AIR LINES | August 12, 1977 |
| 226289 | DELTA | February 24, 1978 |
| TMA588915 | DELTA CONNECTION | September 4, 2003 |
| TMA626928 | DELTA AIRELITE | November 29, 2004 |

These registrations are in full force and effect. Attached as Exhibit 2 are extracts of these registrations from the Canadian Intellectual Property Office.

10.    Delta offers and sells its goods and services under and in conjunction with the following **WIDGET LOGO** trademark registrations in the United States:

| **Registration No.** | **Mark** | **Registration Date** |
|---|---|---|
| 0704103 | WIDGET LOGO | September 6, 1960 |
| 1143697 | WIDGET (OPEN) | December 16, 1980 |
| 2556013 | WIDGET LOGO | April 2, 2002 |

These registrations, which issued on the Principal Register, are in full force and effect. All of these registrations have acquired "incontestable" registration status. Attached as Exhibit 3 are extracts of these registrations from the United States Patent and Trademark Office.

11.     Delta offers and sells its goods and services under and in conjunction with the following **WIDGET LOGO** trademark registrations in Canada:

| <u>Registration No.</u> | <u>Mark</u> | <u>Registration Date</u> |
|---|---|---|
| TMA220815 | WIDGET LOGO | May 27, 1977 |
| TMA588854 | WIDGET LOGO | September 4, 2003 |

These registrations are in full force and effect. Attached as Exhibit 4 are extracts of these registrations from the Canadian Intellectual Property Office.

12.     Plaintiff Delta's **DELTA** and **WIDGET LOGO** marks serve as unique and famous source identifiers for Plaintiff Delta and its various goods and services, including its air transportation and other travel-related services.

13.     Plaintiff Delta has invested hundreds of millions of dollars in worldwide advertising and marketing in order to build the fame, reputation and good will of the **DELTA** and **WIDGET LOGO** marks (collectively, the "Marks"). Delta advertises through a variety of media, including Internet, television, radio, newspapers, magazines, and direct mail.

14.      Plaintiff Delta promotes its goods and services on the Internet, via its own website and through advertising on the websites of third parties. Attached as Exhibit 5 please find a printout of Delta's official website, www.delta.com.

15.     Through Delta's longstanding use of the **DELTA** and **WIDGET LOGO** marks and promotional activities related to the marks, and due to their widespread and favorable public acceptance and recognition, the **DELTA** and **WIDGET LOGO** marks have become distinctive designations of the source of origin of Delta's goods and services. The **DELTA** and **WIDGET LOGO** marks have become uniquely associated

with Delta and its high quality goods and services. The **DELTA** and **WIDGET LOGO**

marks are assets of incalculable value as symbols of Plaintiff, its quality goods and

services, and its goodwill.

16.     Plaintiff has spent substantial sums in advertising and promoting its

**DELTA** and **WIDGET LOGO** trademarks throughout the United States and in foreign

commerce.

17.     By reason of Plaintiff's extensive promotion and sale of their highly

regarded goods and services, Plaintiff's **DELTA** and **WIDGET LOGO** marks have

acquired very valuable good will, recognition and renown, in the relevant trade, and the

public has come to recognize the Marks as signifying Plaintiff Delta.

18.     By virtue of their extensive use and promotion over the years, the **DELTA**

and **WIDGET LOGO** marks have developed valuable distinctiveness and secondary

meaning in the marketplace. The Marks have achieved a significant and lasting presence

in the marketplace, causing the marks to achieve high recognition and value among

consumers.

### DEFENDANT'S INFRINGING AND FRAUDULENT ACTS

19.     Defendant is the architect of a fraudulent scheme designed to harm the

business reputation of Delta and diminish the value of the Plaintiff's Marks, and

Defendant's acts have caused, and are causing, a substantial detrimental effect on U.S.

commerce by negatively impacting Plaintiff's longstanding and famous reputation both

domestically and internationally.

20.     Defendant created and is sending via mail a communication purporting to

be from the "Awards Department" (hereafter the "Communication(s)"). The

Communication displays the **DELTA** and **WIDGET LOGO** marks at the top of the page. A copy of this Communication is attached as Exhibit 6.

21.     As is apparent from Exhibit 6, these Communications appear to be from a purported "Awards Department" within Plaintiff Delta due to Defendant's unauthorized and infringing use of the **DELTA** and **WIDGET LOGO** marks in the Communication.

22.     The Communication claims that the recipient has won a voucher for an airline ticket valid for two round trip airline tickets to anywhere in the continental United States from any major international airport. The Communication goes on to state that "We have been tasked with notifying you of this award. We have attempted contacting you several times. Note that this award must be claimed by no later than 7 days after postmark. If you do not claim your award, it will be transferred to the alternate. This is a limited time offer and can be withdrawn at any time. Flights fill quickly. Governmental taxes and fees may apply. This will be your last chance to respond."  The Communication also lists a "claim number," for example "3914," and states in underlining "Note: This is not a timeshare or land sales offer."  The Communication is signed "Sincerely, Awards Department" with the phone number "1-877-209-4922" and states at the bottom "CALL US AT 1-877-209-4922 TO CLAIM YOUR 2 ROUND TRIP AIRLINE TICKETS WORTH UP TO $999 TODAY."

23.     The Communication encloses an "Award Notification Voucher". A copy of the Awards Notification Voucher is attached as Exhibit 7. The Award Notification Voucher features the **DELTA** and **WIDGET LOGO** marks, is stamped "FINAL NOTICE," lists the recipient's name under "Registered Winner Address and Zip Code,"

7

features a "Re:" of "Award: 2 Round Trip Airline Tickets" and is purportedly from the "Awards Department Division."

24.     When the listed phone number on the Communication and Award Notification Voucher (1-877-209-4922) is called, the individual answering the phone states that the name of the company is "Perfect Marketing." When the claim number "3914" is given, the individual states that an entity by the name of Portfolio Travel is inviting local residents into their new location in San Diego, located at 324 Westfield Horton Plaza, San Diego, CA 92101, and when people visit the new location, they are entered into a drawing to win two (2) free airline tickets. The individual also states that Plaintiff Delta is Portfolio Travel's biggest airline, which is why the name and marks **DELTA** and **WIDGET LOGO** are listed on the Communication; however, the two (2) free tickets could be on any major airline.

25.     Upon information and belief, Defendant is mailing these Communications to recipients throughout the United States. Due to the content of the Communication, including the purported Award Notification Voucher, and Defendant's use of the **DELTA** and **WIDGET LOGO** marks, it appears to recipients as though Delta is offering two free round trip airline tickets to the recipient.

26.     Upon information and belief, Defendant in some improper manner acquired and misappropriated Plaintiff's member list and member information for its frequent flyer membership club SkyMiles®, as the recipients of these Communications that have complained to Plaintiff regarding these Communications are SkyMiles® members and are actual or potential customers of Delta.

27.     Delta derives actual and/or potential economic value from its member list and member information for its frequent flyer membership club SkyMiles® due to it being generally unknown to other persons who can obtain economic value from disclosure of the member list and/or member information, and Delta takes reasonable efforts to maintain the secrecy or confidentiality of the member list and member information for its frequent flyer membership club SkyMiles®.

28.     These Communications, and the enclosed Award Notification Voucher, are fake. They are in no way from Delta or an "Awards Department" associated with Delta. Plaintiff has not negotiated any such airline ticket giveaway with or through Defendant. Plaintiff has not authorized Defendant to use in any way its **DELTA** and/or **WIDGET LOGO** trademarks. Plaintiff is in no way affiliated with any of the Defendant. Plaintiff has in no way agreed to promote and/or sponsor such a giveaway through Defendant.

29.     Upon information and belief, Defendant is also sending bogus postcards to third-party recipients offering two (2) roundtrip airfares within the continental U.S. (hereafter the "Postcard(s)"). Attached as Exhibit 8 is a copy of the front and back of the Postcard. The front of the Postcard features an airplane with the DELTA and WIDGET LOGO marks in the bottom left-hand corner and "FLY AWAY ESCAPE" in the bottom right-hand corner.

30.     The back of the Postcard features "DELTA" on the top center of the postcard, followed with a salutation to the recipient, and the language, "Congratulations! You have been selected to receive 2 Round Trip Airfares within the continental US. CALL WITHIN 48 HOURS AND YOU WILL ALSO RECEIVE A BONUS 3 DAY 2

NIGHT HOTEL STAY! WE HAVE BEEN TRYING TO CONTACT YOU! (THIS IS NOT A TIMESHARE OR LAND SALE OFFER). To claim this special offer, simply call 1-888-615-7656".

31.     Upon information and belief, Defendant is mailing these Postcards to recipients throughout the United States. Due to the content of the Postcard and Defendant's use of the **DELTA** and **WIDGET LOGO** marks, it appears to recipients as though Delta is offering two free round trip airline tickets to the recipient.

32.     Certain of these Postcards discovered and identified by Delta feature the phone number 1-800-707-7496, and an investigation showed this 1-800-707-7496 phone number to be connected to and used by a company identified as "Perfect Marketing" with an address of 3015 S. 48th Street, Tempe, Arizona, 85282.

33.     These Postcards are fake. They are in no way associated with Delta. Plaintiff has not negotiated any such airline ticket giveaway with or through Defendant. Plaintiff has not authorized Defendant to use in any way its **DELTA** and/or **WIDGET LOGO** trademarks in said Postcards or mailers or any other type of promotional materials, printed or otherwise. Plaintiff is in no way affiliated with any of the Defendant. Plaintiff has in no way agreed to promote and/or sponsor such a giveaway through Defendant

34.     By using Delta's name and marks in the aforementioned manners, Defendant is passing itself off as a representative and/or agent and/or partner of Delta, and Defendant makes it appear that Delta endorses the promotional giveaway.

35.     Defendant's unlawful acts occurred in this judicial district and in commerce, and were directed to cause and have caused injury to Plaintiff within this judicial district and in commerce.

36.     Consumers who encounter Defendant's unauthorized uses of Plaintiff's Marks in association with Defendant's fraudulent promotions are likely to believe that Defendant and its services are related to Plaintiff or approved by, associated or affiliated with Plaintiff when, in fact, this is not the case.

37.     The effect of Defendant's conduct is to harm Plaintiff and its business reputation because such conduct is likely to cause confusion, to cause mistake, or to deceive the public and the trade to believe that Defendant and its fraudulent services originate with or are related to Plaintiff, or are licensed by, sponsored or approved by, connected with, or associated or affiliated with Plaintiff, when this is not the case.

38.     Defendant's conduct, as described above, harms the business reputation of Plaintiff and causes dilution of the distinctive quality of Plaintiff's **DELTA** and **WIDGET LOGO** marks, which are famous. Defendant's dilution of the famous **DELTA** and **WIDGET LOGO** marks began after such marks became famous.

39.     Defendant has, on information and belief, intentionally and willfully attempted to trade upon the goodwill of Plaintiff and Plaintiff's **DELTA** and **WIDGET LOGO** trademarks.

40.     As a result of Defendant's unfair and infringing acts or misappropriations, Plaintiff has been irreparably damaged and unless Defendant's infringing and fraudulent activities are enjoined, Plaintiff will continue to suffer irreparable injury and harm to its

property and goodwill. Plaintiff cannot ascertain the precise amount of its damages at this time.

## COUNT I

### (Federal Trademark Infringement and Counterfeiting)

41.     Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 40 hereof as if set forth in full.

42.     Defendant's unauthorized use in commerce of the **DELTA** and **WIDGET LOGO** marks within the Communication, including the Notification Award Voucher, and/or the Postcard, all sent to third parties, upon is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of Plaintiff's registered trademarks pursuant to 15 U.S.C. §§ 1114 *et seq*.

43.     Defendant has used, and is continuing to use, the **DELTA** and **WIDGET LOGO** marks with full knowledge of Plaintiff's prior and extensive rights in its trademarks, and with an intent and purpose to trade upon the goodwill of Plaintiff's **DELTA** and **WIDGET LOGO** trademarks.  The Defendant's infringement is thus willful and deliberate.

## COUNT II

### (Unfair Competition Under Federal Law)

44.     Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 43 of this Complaint as if set forth in full.

45.     Defendant's unauthorized use in commerce of the **DELTA** and **WIDGET LOGO** marks constitutes a false designation of origin and a false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers

to believe mistakenly that Defendant and/or its services are offered by Plaintiff, or are otherwise affiliated, connected, or associated with, or sponsored or approved by Plaintiff and therefore constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

46.     Defendant's use in commerce of **DELTA** and **WIDGET LOGO** in connection with Defendant's marketing, distribution, promotion and sale to the consuming public of services and goods, specifically travel-related goods and services, constitutes a misappropriation of the distinguishing and identifying features which Plaintiff created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to Defendant, based on and derived from Plaintiff's respective **DELTA** and **WIDGET LOGO** trademarks and the goodwill associated therein.

47.     Defendant's use of the **DELTA** and **WIDGET LOGO** trademarks constitute false representations that Defendant has some connection or association with, or sponsorship by Plaintiff, and that the services and goods identified with Plaintiff are available from Defendant.

48.     Said actions of Defendant constitute violations of 15 U.S.C. §1125(a) in that such false designation and representations of origin and quality are used on or in connection with the services and products that Defendant cause to enter into, or to affect commerce, which may lawfully be regulated by Congress.

49.     Defendant has used, and is continuing to use, the **DELTA** and **WIDGET LOGO** trademarks with full knowledge of Plaintiff's extensive and longstanding rights in the **DELTA** and **WIDGET LOGO** trademarks, and therefore with an intent and

purpose to trade upon the goodwill of Plaintiff's trademarks **DELTA** and **WIDGET LOGO**.  Defendant's infringement is thus willful and deliberate.

## COUNT III

### (Dilution Under Federal Law)

50.     Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 49 hereof as if set forth in full.

51      The use by Defendant of the **DELTA** and **WIDGET LOGO** trademarks, alone or in combination with other words or symbols, will dilute, or is likely to dilute, the distinctive quality of Plaintiff's exceptionally well-known and famous **DELTA** and **WIDGET LOGO** trademarks, and therefore constitutes federal trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. §§ 1125(c), as amended by the Federal Trademark Dilution Act of 1995.

52.     Defendant has used and continues to use the **DELTA** and **WIDGET LOGO** trademarks with full knowledge of Plaintiff's long prior rights and fame of their respective **DELTA** and **WIDGET LOGO** trademarks, and, based upon information and belief, Defendant's use thereof is with a deliberate intent and purpose to trade upon the goodwill of Plaintiff's trademarks or to dilute the distinctive quality thereof, blur and diminish the distinctive quality of the Plaintiff's respective **DELTA** and **WIDGET LOGO** trademarks and lessen the Marks' capacity to identify and distinguish the services and goods of Plaintiff.

## COUNT IV

### (Illinois Trade Secret Act)

53.     Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 52 hereof, as if fully set forth in full.

54.     Upon information and belief, Defendant, via theft, briberty, misrepresentation, breach or inducement of a breach of a confidential relationship, espionage through electronic means and/or other improper means, acquired Plaintiff's trade secret member list and member information for its frequent flyer membership club SkyMiles® and used these misappropriated trade secrets without Plaintiff's consent to mail the unsolicited Communications to SkyMiles® members, which constitutes a violation of Illinois State law under the Illinois Trade Secret Act, 765 ILCS § 1065 *et seq*.

## COUNT V

### (Illinois Trademark Infringement)

55.     Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 54 hereof, as if fully set forth in full.

56.     Defendant's unauthorized use in commerce of the **DELTA** and **WIDGET LOGO** trademarks is likely to result in confusion, deception or mistake and therefore constitutes an infringement of Plaintiff's name and trademark **DELTA** and **WIDGET LOGO** pursuant to 765 ILCS § 1036/*et seq*.

57.     Defendant has used, and is continuing to use, Plaintiff's **DELTA** and **WIDGET LOGO** with full knowledge of Plaintiff's prior and extensive rights in its name and trademarks **DELTA** and **WIDGET LOGO**, and such continuing use is therefore with an intent and purpose to trade upon the goodwill of Plaintiff's name and trademarks **DELTA** and **WIDGET LOGO**.  Defendant's infringement is thus willful and deliberate.

## COUNT VI

### (Illinois Counterfeit Trademark Act)

58.     Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 57 hereof, as if fully set forth in full.

59.     Defendant's unauthorized use in commerce of the identical federally registered **DELTA** and **WIDGET LOGO** trademarks, said registrations having issued on the Principal Register, within the unsolicited Communication and/or Postcard sent via mail to third parties intended to be used in connection with Defendant's services is likely to result in confusion, deception or mistake and therefore constitutes a violation of the Illinois Counterfeit Trademark Act, 765 ILCS § 1040/*et seq*.

60.     Defendant has used, and is continuing to use, the **DELTA** and **WIDGET LOGO** marks with full knowledge of Plaintiff's prior and extensive rights in its name and trademarks **DELTA** and **WIDGET LOGO**, and such continuing use is therefore with an intent and purpose to trade upon the goodwill of Plaintiff's name and trademark **DELTA** and **WIDGET LOGO**.  Defendant's counterfeiting actions are thus willful and deliberate.

## COUNT VII

### (Illinois Trademark Dilution)

61.     Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 60 hereof as if set out in full.

62.     Defendant's use of the **DELTA** and **WIDGET LOGO** marks in connection with the sale of Defendant's products and/or services, over the quality of which Plaintiff can exercise no control, creates a likelihood of injury to Plaintiff's

business reputation and of dilution of the distinctive quality or Plaintiff's famous the **DELTA** and **WIDGET LOGO** marks in violation of 765 ILCS § 1036/65.

63.     Defendant's acts alleged herein have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to Plaintiff for which Plaintiff is without an adequate remedy at law.

## COUNT VIII

### (Unfair Competition Under Illinois Common Law)

64.     Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 63 hereof as if set out in full.

65.     Defendant's use of the **DELTA** and **WIDGET LOGO** marks is being done with the intent to palm off its products and services as originating from or having the sponsorship, affiliation or approval of Plaintiff in order to trade on the goodwill created by Plaintiff in its name and trademarks **DELTA** and **WIDGET LOGO**. This use has continued in bad faith despite Defendant's knowledge of Plaintiff's federally registered **DELTA** and **WIDGET LOGO** trademarks and Defendant's problematic and infringing use of the **DELTA** and **WIDGET LOGO** marks.

66.     Defendant's unauthorized use constitutes the common law tort of unfair competition.

## COUNT IX

### (Deceptive Trade Practices Under Illinois Law)

67.     Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 66 hereof as if set out in full.

68.     Defendant's use of Plaintiff's marks **DELTA** and **WIDGET LOGO** in conjunction with the same and/or similar related products and services of Plaintiff constitutes a deceptive trade practice in violation of 815 ILCS 510/2 et seq. insofar as it:

(a)     passes off Defendant's products and services as that of Plaintiff Delta;

(b)     causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of its goods;

(c)     causes a likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by Plaintiff Delta;

(d)     represents that Defendant's goods and services have sponsorship or approval that they do not have.

69.     Defendant's acts as stated above, constitute deceptive business practices in that as alleged previously, those acts in trade and commerce use and employ practices set out in Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

70.     Upon information and belief, Defendant has willfully engaged in the deceptive trade practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.      That Defendant, its directors, officers, agents and employees, successors and assigns and all others acting in knowing consort with it, be jointly and severally preliminarily and then permanently restrained and enjoined from:

a.      Using Plaintiff's **DELTA** and **WIDGET LOGO** trademarks, or any confusingly similar mark or designation, in connection with the marketing, promotion and sale of travel-related goods or services;

b.      otherwise infringing Plaintiff's respective trademarks **DELTA** and/or **WIDGET LOGO**;

c.      engaging in any other or further acts of unfair competition against Plaintiff;

d.      using any trademark or trade name which will be likely to dilute the distinctive quality of Plaintiff's trademarks **DELTA** and/or **WIDGET LOGO** or tarnish the business reputations of Plaintiff;

e.      engaging in any deceptive trade practices in the offering of goods or services under the designations **DELTA** and/or **WIDGET LOGO** or any other variation or simulation of Plaintiff's trademarks;

f.      engaging in any deceptive business practice in the offering of goods and/or services under the designations **DELTA** and/or **WIDGET LOGO** or any other variations or simulations of the Plaintiffs' trademarks; and

2.      That Defendant be directed to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements or other materials in its possession or custody and control which are within the United States of America, its territories and possessions, and any other foreign country, including British Columbia,

Canada, which display the marks **DELTA** and/or **WIDGET LOGO**, including all copies of the Communication and/or the Postcard, and all means of making or affixing the same pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118.

3.      That Defendant's assets be frozen, and that Plaintiff be awarded monetary relief, if applicable and practicable from any such frozen assets, in an amount to be fixed by the Court in its discretion as just, including:

a.      All profits received by Defendant from sales and revenues of any kind made as a result of Defendant's infringing and diluting actions, said amount to be trebled;

b.      All damages sustained by Plaintiff as a result of Defendant's acts of infringement, unfair competition, dilution, and deceptive trade practices and that such damages be trebled;

c.      Statutory damages as permitted; and

d.      Punitive damages, in view of the willful nature of Defendant's acts.

4.      That Plaintiff be awarded its costs incurred in this action, including its reasonable attorneys' fees, due to the exceptional nature of this case resulting from Defendant's deliberate infringing and diluting actions, pursuant to 15 U.S.C. § 1117.

5.      That Defendant be required to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of Defendant's compliance with the Court's order.

6.     That Plaintiff has such other and further relief at law or in equity as is warranted by the facts established at trial or which this Court may deem as just and equitable.

Respectfully submitted,

By:     /s/ John P. Luther_____ __
John P. Luther
One of Plaintiff's attorneys

John P. Luther
WSBA No. 34115
Ladas & Parry LLP
224 South Michigan Avenue
Suite 1600
Chicago, Illinois 60604
(312) 427-1300

Tanya H. Miari
ISBA No. 6290224
Ladas & Parry LLP
224 South Michigan Avenue
Suite 1600
Chicago, Illinois 60604
(312) 427-1300