# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Delta Air Lines, Inc., | ) | |
| | ) | Case No. 1:12-cv-01758 |
| Plaintiff, | ) | |
| | ) | Honorable Edmond E. Chang |
| v. | ) | |
| | ) | Magistrate Judge Arlander Keys |
| Perfekt Marketing, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**TEMPORARY RESTRAINING ORDER,
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION,
<u>AND ORDER FOR EXPEDITED DISCOVERY</u>**

In accordance with the Memorandum Opinion and Order issued herein:

**IT IS HEREBY ORDERED** that defendant show cause before the Honorable

_____, United States District Court Judge, United States District Court for the

Northern District of Illinois, Eastern Division, Chicago, Illinois at _____a.m. on

_____2012, or as soon thereafter as counsel can be heard, why an order pursuant to Fed.

R. Civ. P. 65 should not be entered granting to Plaintiff, a preliminary injunction and enjoining

the Defendant from manufacturing, distributing, selling or holding for sale, or any other activities

involving any advertisements or any other materials and other merchandise (collectively, the

"Infringing Merchandise") bearing the trademarks and/or service marks, trade names or any

colorable imitations thereof of the group and each of its individual members, federally registered

marks: DELTA AIR LINES, U.S. Registration Number 0523611; DELTA, U.S. Reg. No. 0654915;

DELTAMATIC, U.S. Reg. No. 0802405; DELTA AIR LINES (IN OVAL LOGO), U.S. Reg. No.

0963228; DELTA AIR LINES, U.S. Reg. No. 0970418, DELTA CONNECTION, U.S. Reg. No.

1428763; DELTA SHUTTLE, U.S. Reg. No. 1703774; DELTA CENTER, U.S. Reg. No.

1733703; DELTA CENTER (WITH WIDGET LOGO), U.S. Reg. No. 1740294; DELTA & 1960 AIRCRAFT DESIGN, U.S. Reg. No. 2058985; DELTA VACATIONS, U.S. Reg. No. 2408003; DELTA AIRELITE, U.S. Reg. No. 2662451; DELTA CONNECTION, U.S. Reg. No. 2980826; DELTA SKY CLUB, U.S. Reg. No. 3890727; DELTA ASSIST, U.S. Reg. No. 3994004, WIDGET LOGO, U.S. Reg. No. 0704103; WIDGET LOGO (OPEN), U.S. Reg. No. 1143697; and WIDGET LOGO, U.S. Reg. No. 2556013  (collectively, the "Plaintiff's Marks").

**AND IT APPEARING TO THE COURT** that Defendant has been and is distributing the Infringing Merchandise bearing any or all of Plaintiff's Marks as set forth in Plaintiff's Complaint and Declaration, and will continue to carry out such acts unless restrained by order of the Court.

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to Plaintiff in the absence of the granting of the temporary restraining order, in that the Defendant is preparing to manufacture, distribute and sell Infringing Merchandise as set forth in Plaintiff's Complaint, and that, unless said Defendant is enjoined from said manufacture, distribution, and sale, Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of Plaintiff's Marks, interference with Plaintiff's reputation, confusion in the marketplace as to the duly authorized source of merchandise depicting Plaintiff's Marks, and impairment of the goodwill Plaintiff and its licensors have in Plaintiff's Marks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of _____ days from the date hereof, Defendant, its agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them be and hereby are temporarily restrained from

manufacturing, distributing, offering or holding for sale, advertising and selling Infringing Merchandise bearing any or all of Plaintiff's Marks.

**AND IT IS FURTHER ORDERED** that this Temporary Restraining Order is conditioned upon Plaintiff's advancing to the United States Marshal or other law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ODERED** that Defendant shall provide responses to Plaintiff's discovery requests on an expedited basis as ordered by the Court.

**AND IT IS FURTHER ORDERED** that Defendant's responsive papers, if any shall, be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before _____, 2012.  Any reply shall be filed by Plaintiff and served upon appearing Defendant or his/her counsel on or before _____, 2012.

**AND IT IS FURTHER ORDERED** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

This Order shall be in effect from its entry at _____ on _____, 2012 until _____ on _____, 2012.

**IT IS SO ORDERED.**

_____
Judge: Edmond E. Chang

Chicago, Illinois
March _____ 2012
Time:_____

3