LATHROP & GAGE LLP – CHICAGO, IL
Blaine C. Kimrey (No. 6279625)
Jeffery S. Davis (No. 6277345)
Bryan C. Clark (No. 6296090)
Jordan A. Stein (No. 6304077)
100 North Riverside Plaza, Suite 2100
Chicago, Illinois 60606
Telephone:  312.920.3300
Facsimile:  312.920.3301
Email:   bkimrey@lathropgage.com
Email:   jdavis@lathropgage.com
Email:   bclark@lathropgage.com
Email:   jstein@lathropgage.com

FENNEMORE CRAIG, P.C.
Amy Abdo (No. 016346)
Kevin M. Green (No. 025506)
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012-2913
Telephone:  602.916.5000
Facsimile:  602.916.5999
Email:   aabdo@fclaw.com
Email:   kgreen@fclaw.com

Attorneys for defendant
Perfekt Marketing, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Delta Air Lines, Inc., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>Perfekt Marketing, LLC, an Arizona limited liability company,<br><br>　　　　　Defendant. | Case No.  2:12-CV-01078-PHX-JAT<br><br>**RESPONSE TO MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (THIS BRIEF OPPOSES ADDITION OF ARIZONA CLAIMS)**<br><br>(Assigned to the Honorable James. A. Teilborg) |

　　　　The Court should deny the Motion for Leave to File a Second Amended Complaint ("Motion") filed by plaintiff Delta Air Lines, Inc. ("Delta") to the extent it seeks to assert Arizona state law claims.  Defendant Perfekt Marketing, LLC ("Perfekt"), however, consents to the other allegation revisions that Delta has made in the Second Amended Complaint.

For all of the reasons set forth in Perfekt's motion and reply in support of dismissing the Illinois counts in the First Amended Complaint, it has been clear for many months that the Illinois causes of action are inappropriate. Now, after previously stating in the Fed. R. Civ. P. 26 meet and confer process that it would not amend, Delta has attempted to moot Perfekt's motion by seeking leave to amend to replace the Illinois counts with Arizona counts. The prejudice that has been done to Perfekt by Delta's lengthy and needless delay in asserting these new causes of action counsels against allowing the Arizona claims. Perfekt therefore requests that the Court bar Delta from pursuing the Arizona claims.[1] Alternatively, Perfekt requests that the Court condition Delta's amendment to assert Arizona claims on payment of attorneys' fees to Perfekt related to Perfekt's partial motion to dismiss the Illinois claims in the First Amended Complaint.

**I.     Background**

Delta's original Complaint in this action was filed in the United States District Court for the Northern District of Illinois on March 9, 2012. (Docket Entry ("DE") 1). The alleged facts giving rise to the Complaint were apparently investigated by Delta and its counsel sometime before March 9, 2012—as evidenced by declarations attached to Delta's motion for temporary restraining order—but these declarations do not indicate precisely when Delta and its counsel became aware of the allegedly infringing activities. (DE 6, 23). Delta then filed a First Amended Complaint ("FAC") on March 28, 2012, presumably as a result of further factual investigation. (DE 21).

Despite ample time for investigation and extensive motion practice, Judge Edmond Chang did not grant Delta's motion for a temporary restraining

---

[1] Pursuit of the Arizona claims would be futile anyway because they are subject to dismissal for the same reason that the Lanham Act claims are now subject to dismissal as pled in the Second Amended Complaint. *See* motion to dismiss Lanham Act claims in Second Amended Complaint, filed contemporaneously herewith.

- 2 -

order/preliminary injunction, which included a draconian request to freeze Perfekt's assets. On Perfekt's motion, Judge Chang transferred the case to this District on May 8, 2012 (more than five months ago). (DE 55). After the case was transferred to this Court, the parties submitted a Joint Proposed Case Management Plan, which indicated, *inter alia*, "Delta's decision not to amend at this time." (DE 78, at p. 4). During the meet and confer process for that joint statement, Perfekt's counsel indicated to Delta's counsel that the Illinois causes of action were inappropriate and asked if Delta would amend the FAC to remove those causes of action. Delta's counsel said he would not. Accordingly, on August 31, 2012, Perfekt filed a motion to dismiss Counts IV-IX and an Answer as to the remaining counts in the FAC. (DE 81-82).

## II. Argument

Although Federal Rule of Civil Procedure 15 states that leave to amend shall be "freely given," the Court has particularly broad discretion in deciding motions where (as here) the plaintiff has already been granted leave to amend previously. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999). When evaluating a motion for leave to amend, the Court should consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic. *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). In this case, Perfekt does not object to the revised factual allegations in the Second Amended Complaint. But Delta should not be allowed to amend to assert state law causes of action under Arizona law because the amendment is the result of undue delay and will prejudice Perfekt. Even if the Court allows Delta to assert the Arizona causes of action, that decision should be conditioned on payment of attorneys' fees to Perfekt related to Perfekt's motion to partially dismiss the FAC.

### A. Perfekt consents to revised factual allegations in proposed Second Amended Complaint.

Perfekt does ***not*** object to the changes that Delta has made to the factual

allegations in the Second Amended Complaint ("SAC"). (*See* SAC, at ¶¶ 17, 18, 19, 22, 23, 25, 27, 30, 32, 33, 38, 39, 41, 42, 43, 45, 47, 48, 50, 51, 52, 53, 54, 56, 57, 58, 59). In an apparent acknowledgement of the factual inaccuracies contained in the FAC, Delta has removed a number of factual allegations in the SAC. (*See* SAC, at ¶¶ 24, 25). Perfekt consents to these changes. *See* Fed. R. Civ. P. 15(a)(2) (absent conditions not applicable here, "a party may amend its pleading only with the opposing party's written consent or the court's leave"). Perfekt, however, has filed along with this pleading a motion to dismiss the Lanham Act claims in the SAC because they fail to plausibly plead "commercial use," "likelihood of confusion," or "likelihood of dilution" under the Lanham Act. *See* 15 U.S.C. §§ 1114, 1125.

### B. The amendment is the result of undue delay and will cause prejudice to Perfekt.

Leave to amend to assert new state law causes of action should be denied because of undue delay and prejudice to Perfekt. As set forth above, Delta has been aware of its claims against Perfekt for many months but has failed or refused to amend its pleadings to reflect the proper jurisdiction, venue, and/or causes of action. The result is that Perfekt has been forced to incur costs to unnecessarily litigate the temporary restraining order/preliminary injunction, venue, and personal jurisdiction issues in Illinois, as well as the costs associated with Perfekt's motion to dismiss the Illinois state law claims and the costs of discovery directed at allegations that have now been removed from the SAC.

Delta's suggestion that the SAC reflects additional information that was learned since the original filing of the proceeding is disingenuous. Aside from the Arizona claims, it appears that the only changes to the SAC involve ***removing*** inaccurate facts about Perfekt, and none of this information has come to Delta through discovery. Although it is true that Delta has received Perfekt's initial disclosures, Delta has not issued any written discovery and has not noticed any

depositions.² Delta should not be allowed to force Perfekt to engage in motion practice relating to obviously flawed allegations and then attempt to moot Perfekt's motion by seeking leave to amend (without any consequences to Delta). Thus, the Court should deny Delta's Motion to the extent it seeks leave to add Arizona causes of action.

### C. Alternatively, the Second Amended Complaint should be conditioned on payment of attorneys' fees to Perfekt.

If the Court determines that Delta must be allowed to assert the Arizona claims in the SAC, the Court should condition the filing of the those claims on payment by Delta to Perfekt for its attorneys' fees in connection with the filing of its motion to partially dismiss the FAC. Delta and its counsel knew, or should have known, months ago that Delta needed to amend the FAC but nonetheless forced Perfekt to file a motion to dismiss before taking any action. This is made particularly egregious by the fact that the parties discussed this very issue at their Rule 26 conference and included a phrase in the Joint Proposed Case Management Plan indicating "Delta's decision not to amend at this time." (DE 78, at p. 4).

Federal courts have recognized a district court's discretion to condition a plaintiff's motion to amend a complaint on payment of a defendant's attorneys' fees and costs. *See, e.g., Ruschel v. Nestle Holdings, Inc.*, 2004 WL 346034, *4 (6th Cir. Feb. 23, 2004); *Kronfeld v. First Jersey Nat. Bank*, 638 F. Supp. 1454, 1460 (D.N.J. 1986) (awarding costs to defendants who had answered original complaint). In *Ruschel*, the district court sought to mitigate the prejudice to a defendant who expended resources in drafting a motion to dismiss that was mooted by plaintiff's amendment. *Id.* at *3. The Sixth Circuit upheld this decision, noting that "[r]equiring the applicant to pay attorneys' fees, discovery costs, and costs of preparing responsive pleadings rendered moot by the amendment are conditions

---

² On the other hand—and consistent with this Court's order—Perfekt has expended time and resources in serving comprehensive written discovery and preparing for depositions in the coming weeks.

district courts may impose to mitigate the prejudice caused to the opposing party by the amendment." *Id.* Here, because Delta has forced Perfekt to incur costs in filing a motion to dismiss that may now be rendered moot, the Court should award fees to Perfekt if the Court allows Delta to assert the Arizona claims in the SAC.

### III. Conclusion

For the foregoing reasons, the Court should deny Delta leave to file the Arizona claims. Alternatively, if the Court determines that Delta must be allowed to file the Arizona claims, the filing of those claims should be conditioned on the payment of attorneys' fees to Perfekt related to the motion to partially dismiss the Illinois claims in the FAC.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Dated:  October 9, 2012   Respectfully submitted by:

*/s/ Blaine C. Kimrey*
LATHROP & GAGE LLP – CHICAGO, IL
Blaine C. Kimrey (No. 6279625)
Jeffery S. Davis (No. 6277345)
Bryan C. Clark (No. 6296090)
Jordan A. Stein (No. 6304077)
100 North Riverside Plaza, Suite 2100
Chicago, Illinois 60606
Telephone:  312.920.3300
Facsimile:   312.920.3301
Email:        bkimrey@lathropgage.com
Email:        jdavis@lathropgage.com
Email:        bclark@lathropgage.com
Email:        jstein@lathropgage.com

FENNEMORE CRAIG, P.C.
Amy Abdo (No. 016346)
Kevin M. Green (No. 025506)
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012-2913
Telephone:  602.916.5000
Facsimile:   602.916.5999
Email:        aabdo@fclaw.com
Email:        kgreen@fclaw.com


Attorneys for defendant
Perfekt Marketing, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2012, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

LADAS & PARRY LLP
Burton S. Ehrlich
John P. Luther
224 South Michigan Avenue, Suite 1600
Chicago, Illinois 60604
Telephone:    312.427.1300
Facsimile:    312.427.6663
Email:   burte@ladas.net
Email:   jluther@ladas.net

SNELL & WILMER LLP
Joseph G. Adams
Matthew Thomas Schoonover
1 Arizona Center
400 E. Van Burden
Phoenix, AZ 85004
Telephone:    602.382.6000
Facsimile:    602.382.6070
Email:   jgadams@swlaw.com
Email:   mschoonover@swlaw.com

*/s/ Blaine C. Kimrey*